UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK L. CAPITANO,

    Plaintiff,

v.                                                                      Case No. 3:15cv171/MCR/CJK

WILLIAM "BILL" EDDINS,
District Attorney; STATE
OF FLORIDA,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the undersigned concludes that this case should be dismissed because the complaint fails to state a claim upon which relief may be granted.

### BACKGROUND

Plaintiff is currently confined at the Escambia County Jail and claims that he is being held on false charges which stem from his alleged failure to report or register as a sex offender. Plaintiff has named as defendants Bill Eddins, Escambia County

State Attorney, and the State of Florida. (Doc. 1, pg. 2). As relief, plaintiff seeks release from incarceration. (Doc. 1, p. 6).

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

It is apparent from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this court from considering plaintiff's claims. The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence

Case No. 3:15cv151/LC/CJK

of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  *See Samuels v. Mackell*, 401 U.S. 66 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (*citing Younger*, 401 U.S. at 45, 53-54).  Plaintiff's allegations do not establish, or support an inference, that plaintiff's prosecution is motivated by bad faith.  *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").  Plaintiff also fails to show that the "irreparable injury" exception applies.  *See Younger*, 401 U.S. at 53-54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (*citing Watson v. Buck*, 313 U.S. 387, 402 (1941)); *Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (*citing Younger*, 401 U .S. at 46).  Moreover, plaintiff has an adequate state forum in which to raise his claims – in his state criminal proceedings.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing

amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, amendment would be futile because this court cannot interfere with the ongoing state prosecution. The undersigned thus finds that the action should be dismissed at the outset to avoid the additional waste of judicial assets that would be occasioned by a futile amendment and further screening.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 17th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No. 3:15cv151/LC/CJK